MEMORANDUM OPINION
{¶ 1} On May 6, 2003, appellant, Jonita E, Loss, filed a notice of appeal from an April 16, 2003 judgment of the Portage County Court of Common Pleas, Domestic Relations Division. In that judgment, the trial court overruled objections to a magistrate's report which had been filed by appellant and the Portage County Child Support Enforcement Agency ("CSEA").
 {¶ 2} Subsequently, on April 25, 2003, CSEA filed a motion in the trial court for findings of fact and conclusions of law. On April 28, 2003, appellant filed a motion to join in the motion of CSEA for findings of fact and conclusions of law. Before the trial court ruled on the motion for findings of fact and conclusions of law, appellant filed the instant appeal. To date, the trial court has not ruled on the motion for findings of fact and conclusions of law.
 {¶ 3} On June 23, 2003, CSEA filed a motion to dismiss this appeal due to lack of jurisdiction. Specifically, CSEA claims that there is no final appealable order until the trial court rules on the pending motion for findings of fact and conclusions of law. Appellant filed a response on July 1, 2003. On July 17, 2003, appellee, Michael R. Claxton, also filed a motion to dismiss this appeal on the same grounds as those raised by CSEA.
 {¶ 4} It is well established that when a timely request for findings of fact and conclusions of law is made, the time period for filing a notice of appeal does not commence until the trial court files its findings of fact and conclusions of law. App.R. 4(B)(2); Walker v.Doup (1988), 36 Ohio St.3d 229, 231. Accordingly, if a timely motion for findings of fact and conclusions of law was filed in the present case, it is clear that this court would not have jurisdiction to consider this appeal as there has not been a final appealable order entered by the trial court. As the Supreme Court of Ohio held in Walker, a timely motion for separate findings of fact and conclusions of law prevents an otherwise final judgment from becoming final for purposes of appeal until the findings of fact and conclusions of law are actually filed. See, also,Yerian v. Yerian (Mar. 5, 2001), 5th Dist. No. 2000CA00230, 2001 WL 227790; and Barberton Community Dev. Corp. v. Tru-Bore Machine Co. (Aug. 3, 2000), 9th Dist. No. 19955, 2000 WL 1201286.
 {¶ 5} In the present case, the trial court's judgment was filed on April 16, 2003. Pursuant to Civ.R. 52, a request for findings of fact and conclusions of law is to be filed within seven days after the party filing the request has been given notice of the trial court's decision. Then, under Civ.R. 6(E), three days are automatically added for ordinary mail service of the trial court's decision. Hence, pursuant to Civ.R. 52 and Civ.R. 6(E), a party has ten days from the date of a decision to file a request for findings of fact and conclusions of law. State v. Hayes
(June 15, 2001), 11th Dist. No. 2000-A-0025, 2001 WL 687439, at *4. Accordingly, in the instant cause, a request for findings of fact and conclusions of law needed to be filed no later than April 26, 2003 in order to be considered timely. Since April 26, 2003 was a Saturday, the parties had until Monday, April 28, 2003. CSEA filed its motion for findings of fact and conclusions of law on April 25, 2003. Appellant joined in that motion on April 28, 2003. Thus, these requests were timely filed.
 {¶ 6} Appellant now argues, for the first time, that her motion for findings of fact and conclusions of law was not timely filed. Specifically, appellant asserts that she actually received notice of the trial court's April 16, 2003 judgment on the same day it was filed and, therefore, there is no need to add the three additional days for mailing pursuant to Civ.R. 6(E).
 {¶ 7} However, appellant has failed to prove that she received notice of the trial court's judgment on the day it was mailed. Appellant has attempted to improperly supplement the record with an exhibit which she claims supports her view. Even if this court could consider this exhibit — which it cannot — the exhibit is meaningless as it is nothing more than a copy of an envelope addressed to appellant's attorney, which has a return address of the trial court, and a rubber stamped date of April 16, 2003. There is nothing tying that envelope to the case sub judice.
 {¶ 8} Additionally, the motion for findings of fact and conclusions of law which had been filed by CSEA was still pending and there is no dispute regarding the timeliness of CSEA's motion.
 {¶ 9} Based upon the foregoing analysis, appellee's motion to dismiss this appeal due to lack of jurisdiction is hereby granted. Thus, the motion to dismiss filed by CSEA is overruled as moot and will not be addressed as they are not a party to this appeal.
Appeal dismissed.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.