OPINION
{¶ 1} Appellant, Roger L. Stauffer, appeals the judgment entered by the Geauga County Court of Common Pleas. Appellee, Sheila J. Stauffer, has not filed an appellate brief. The trial court entered a final decree of divorce, which required appellant to pay child support to appellee.
 {¶ 2} The parties were married in 1989. Two children were born during the marriage, one in 1994 and one in 1996. *Page 2 
 {¶ 3} In October 2006, appellee filed a complaint for divorce. In response, appellant filed an answer and counterclaim. Appellee then filed her answer to appellant's counterclaim.
 {¶ 4} Prior to trial, the parties agreed on several issues, including the division of the majority of the real and personal property and the amount of parenting time each would have with the children. The case proceeded to a hearing before the magistrate on the issues of child support, spousal support, who could claim the children as dependents for tax purposes, division of appellant's retirement accounts, and a few items of personal property.
 {¶ 5} Both parties testified at the hearing. Appellee testified that she moved out of the marital residence and was living in a house she rented. Appellee works two part-time jobs. She works at Geauga Regional Hospital 16 hours per week. Also, she works for a doctor's office about ten hours per week. The magistrate found that appellee had a gross annual income of $21,684. After she filed the complaint for divorce, appellee filed for bankruptcy protection.
 {¶ 6} Appellant works at Kraftmaid. The parties stipulated that appellant's annual income is $56,565. After the parties separated, appellant continued to reside in the marital residence.
 {¶ 7} Following the hearing, the magistrate issued her decision. The magistrate noted the parties entered into a shared parenting plan, which provided nearly equal parenting time for each party, and recommended the plan be adopted. The magistrate recommended appellant pay child support in the amount of $410.76 per month, per child, plus two percent processing fees. The magistrate rejected appellant's request for a downward deviation from the child support guidelines, finding that it was not in the *Page 3 
children's best interest. The magistrate recommended that each party be permitted to claim one of the children as a dependent for income tax purposes. The magistrate stated that appellant should keep the marital residence, any equity up to $5,000 be split between the parties, and appellant shall receive any additional equity in the property. The magistrate ordered that the parties each keep their personal vehicle and acknowledged that the parties had agreed on a division of the majority of the personal property. In regard to any additional separate property or debt, the magistrate recommended that it belong to the party possessing or incurring it. The magistrate recommended that appellant receive a fireplace and that he pay appellee $350 in exchange for it. The magistrate ruled that the marital equity in appellant's retirement accounts be split equally. The magistrate recommended that neither party pay spousal support. Finally, the magistrate recommended that each party pay his or her own attorney fees and that the court costs should be split.
 {¶ 8} Appellant filed objections to the magistrate's decision pursuant to Civ. R. 53(D)(3)(b). Appellee filed a response to appellant's objections, arguing that appellant did not file a transcript of the magistrate's hearing. The trial court overruled appellant's objections to the magistrate's decision, finding that appellant's objections were based on the magistrate's factual findings and, as such, appellant was required to file a transcript pursuant to Civ. R. 53.
 {¶ 9} On August 18, 2008, the trial court issued its judgment entry of divorce. The trial court's judgment entry was consistent with the magistrate's decision in all respects. Specifically, the trial court ordered appellant to pay $410.76 per child, per month, plus processing fees, in child support; that each party is permitted to claim one child as a dependent for tax purposes; and that neither party pay spousal support. In *Page 4 
addition, the trial court's judgment entry ordered counsel to "submit a shared parenting decree and plan."
 {¶ 10} On October 1, 2008, a shared parenting decree was filed. This document set forth the visitation schedules for the children, with each of the parties receiving approximately equal parenting time. Attached to this document was a child support worksheet, detailing appellant's child support obligation.
 {¶ 11} Prior to the shared parenting decree being filed, on September 12, 2008, appellant filed a notice of appeal of the trial court's August 18, 2008 judgment entry of divorce. Since the trial court's August 2008 judgment entry did not resolve all the issues of the case and further action was anticipated, the trial court's judgment entry was not a final, appealable order. However, the shared parenting decree resolved the remaining issues of the case. Therefore, we will treat appellant's September 12, 2008 notice of appeal as a premature appeal, pursuant to App. R. 4(C), as of October 1, 2008.
 {¶ 12} On appeal, appellant raises the following "argument," construed by this court as an assignment of error:
 {¶ 13} "The Court erred by either not using the correct child support calculation or by not deviating from the child support calculation resulting from the use of the basic child support schedule and the applicable worksheet and by not granting Roger Stauffer both children as exemptions for tax purposes."
 {¶ 14} A trial court's decision regarding child support will not be reversed by a reviewing court unless it is shown that the trial court abused its discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 124, 144. "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or *Page 5 
unconscionable.'" (Citations omitted.) Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} While a transcript has been filed for purposes of this appeal, appellant did not file a transcript of the magistrate's hearing at the time he filed his objections to the magistrate's decision. Civ. R. 53(D)(3)(b)(iii) provides, in pertinent part:
 {¶ 16} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."
 {¶ 17} "[T]his court has repeatedly held that a party cannot challenge on appeal the factual findings contained in a magistrate's report unless that party submits the required transcript or affidavit." Jewell v.Jewell (June 20, 1997), 11th Dist. No. 96-L-097, 1997 Ohio App. LEXIS 2681, at *6. (Citations omitted.) Thus, an appellant is "precluded from arguing any factual determinations on appeal and has waived any claim that the trial court erred in adopting the magistrate's findings."Dubay v. Dubay, 11th Dist. No. 2002-G-2481, 2003-Ohio-2918, at ¶ 19. (Citation omitted.)
 {¶ 18} With this overriding principle in mind, we will individually address appellant's arguments on appeal.
 {¶ 19} Appellant's initial contention is that the trial court applied the wrong calculation method in computing his child support obligation. He argues that the obligation was based on appellee being designated the sole residential parent instead of being based on a shared parenting plan. We note the same worksheet is to be used in computing child support for a sole residential parent situation as is to be used when *Page 6 
there is a shared parenting plan. R.C. 3119.022. In addition, appellant has not demonstrated how the court erred by using the worksheet it did.
 {¶ 20} First, we note that the child support worksheet attached to the shared parenting decree does not list appellee as the sole residential parent. It only lists her as the residential parent.
 {¶ 21} Second, the magistrate's decision contained a recommendation that appellant's child support obligation be $410.76 per child, per month, plus processing fees. In addition, a worksheet was attached to the magistrate's decision, which states appellant's total monthly child support obligation would be $821.53. This worksheet also lists appellee as the "residential parent." Accordingly, the magistrate's decision clearly put appellant on notice of both the amount of child support and the methodology of arriving at that amount. Despite this notice, appellant failed to raise this issue in his objections to the magistrate's decision. A party may not raise a claimed error on appeal unless that party has properly objected to that factual finding or legal conclusion in his or her objections to the magistrate's decision. Civ. R. 53(D)(3)(b)(iv). See, also, Loss v. Claxton, 11th Dist. No. 2003-P-0128,2005-Ohio-347, at ¶ 71.
 {¶ 22} Alternatively, appellant argues that he was entitled to a downward deviation from the child support guidelines for a variety of reasons.
 {¶ 23} Appellant claims he was entitled to a deviation pursuant to R.C. 3119.23(D) due to his extended parenting time. The magistrate specifically addressed this issue and determined that it was in the best interest of the children to not apply a downward deviation, despite appellant's additional parenting time. In light of the fact that appellant's salary was more than twice as much as appellee's, we cannot say the trial court abused its discretion in this regard. *Page 7 
 {¶ 24} Appellant also argues that he was entitled to a deviation for "in kind" contributions such as "lessons, sports equipment, schooling, [and] clothing[,]" pursuant to R.C. 3119.23(J). The magistrate did not make a specific finding regarding in kind contributions. Moreover, whether appellant made such contributions is a factual determination. Since he did not file a transcript of the magistrate's decision contemporaneously with his objections, he has waived this issue on appeal. Dubay v. Dubay, 2003-Ohio-2918, at ¶ 19. (Citation omitted.)
 {¶ 25} Appellant contends a downward deviation was appropriate because he has a larger tax burden than appellee. His argument is based solely on the fact that he has a larger income and, thus, pays more taxes. This claim would be true in any support situation in which one spouse earns more than the other. Therefore, the fact that appellant pays more taxes, standing alone, does not require a downward deviation. Further, appellant failed to raise this issue in his objections to the magistrate's decision. Accordingly, he may not raise it for the first time on appeal. Civ. R. 53(D)(3)(b)(iv). See, also, Loss v. Claxton,2005-Ohio-347, at ¶ 71.
 {¶ 26} Appellant claims a downward deviation was justified due to appellee's "financial misconduct." At the hearing, appellee admitted to (1) forging appellant's signature on two checks, one of which was processed; (2) trading in appellant's vehicle for a new leased car for herself; and (3) cashing one of appellant's paychecks by forging his signature. Again, appellant did not raise this issue as a basis for a downward deviation in his objections to the magistrate's decision; thus, he cannot raise it at this time. Id.
 {¶ 27} Appellant argues that a downward deviation was necessary because he was saddled with all the marital debt as a result of appellee filing for bankruptcy. The *Page 8 
trial court did not use this factor as a basis for a downward deviation for the purposes of child support. However, we note the magistrate cited this factor as one of the reasons a spousal support award was not appropriate. Therefore, appellant received consideration from the trial court as a result of appellee's bankruptcy, in that he was not ordered to pay spousal support even though he earned considerably more than appellee and the marriage lasted 19 years.
 {¶ 28} It must be remembered that the purpose of child support is to meet the needs of the minor children. Carnes v. Kemp,104 Ohio St.3d 629, 2004-Ohio-7107, at ¶ 10. (Citations omitted.) The trial court did not abuse its discretion by failing to lower appellant's child support obligation due to the issue of marital debt.
 {¶ 29} Appellant claims that he also had to pay for appellee's attorney fees, due to his allegation that appellee charged her attorney fees on a credit card and then discharged the debt in bankruptcy. This allegation is not supported by the record. Moreover, appellant did not raise this issue at the trial court level, so he is precluded from raising it at this time. Civ. R. 53(D)(3)(b)(iv). See, also, Loss v.Claxton, 2005-Ohio-347, at ¶ 71. Finally, we note that the trial court specifically ordered "that all debt incurred by either party that is not covered by this Judgment Entry shall be paid by the party incurring it."
 {¶ 30} Appellant's last argument is that the trial court abused its discretion by only permitting him to claim one of the children as a deduction for income tax purposes. The determination of which parent is permitted to claim the children as deductions for tax purposes is governed by R.C. 3119.82, which provides, in part:
 {¶ 31} "In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net *Page 9 
tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 32} We note the trial court has broad discretion in making a determination concerning the allocation of dependency exemptions for tax purposes. Hurte v. Hurte, 164 Ohio App.3d 446, 2005-Ohio-5967, at ¶ 29. (Citations omitted.)
 {¶ 33} The magistrate's decision reflects that the magistrate considered the net tax savings when making her recommendation. However, the magistrate concluded that it would be in the best interest of the children if each party claimed one child as a tax dependency exemption. We note that the parenting time between the parties is split nearly equally. Thus, we do not believe the trial court abused its discretion by splitting the tax dependency exemptions.
 {¶ 34} In conclusion, the trial court did not abuse its discretion by ordering appellant to pay $410.76 per child, per month, plus processing fees, in child support.
 {¶ 35} Appellant's assignment of error is without merit.
 {¶ 36} The judgment of the trial court is affirmed.
MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1